**JOHN HARTWELL, for the use of HENRY HARTWELL *vs.* WILLIAM H. McBETH and ALEXANDER McBETH.**

A blank indorsement does not absolutely transfer the property in a note.
Either indorsee or indorser may sue upon it.
The indorser may turn it into a special indorsement, and then he only can sue.
The want or failure of consideration may be given in evidence as between the original parties to the note.

CASE. Narr.
Pleas, non assumpsit, payment, set-off and act of limitations. Issues.
The plff. counted on the following note:

*"Philadelphia, February* 18*th,* 1832.
"$425 33-100.
"Three months after date we promise to pay to the order of John Hartwell, four hundred and twenty-five 32-100 dollars, without defalcation, for value received.

(Signed)    WM. H. McBETH,
ALEX. McBETH."

The note, when produced, had the following indorsements: "J. Hartwell, T. R. Hartwell, H. Wright, W. Van Amringe."

*Bayard* moved a nonsuit. By the indorsement of a note both the equitable and legal interest pass to the indorsee. This note having been indorsed by John Hartwell, he has no longer any interest in it, and cannot sue upon it, nor can Henry Hartwell, the indorsee and present holder, turn himself into a cestui que use. The suit should be brought in his name, as the party having the legal title to the instrument.

*Hamilton.* The indorsee of a note is not bound to sue in that character, but may use the name of his indorser. In the case of the

assignment of a bond, the assignee may sue in the name of the obligee for his own use, without stating the assignment.    It was so decided by the court of common pleas in *Broom* vs. *The Female Benevolent Society.*

*Bayard.* The case of a bond with warrant of attorney to confess judgment stands on different ground.    The warrant is usually to executors and administrators—seldom extends to assigns.    The party, therefore, would have to use the assignor's name to avail himself of the warrant.

A majority of the court refused the nonsuit, the chief justice dissenting.    The majority agreed that a blank indorsement was sufficient to transfer the right of action to the indorsee, but while it remains in blank he may consider himself as a cestui que use, or servant, and the action may still be brought in the name of the indorser.    If the indorser turns the blank indorsement into a special one, as he may do, the property in the note is then transferred to him, and he only could bring the action.    *Chitty on Bills,* 174; *Salk.* 130; 12 *Mod.* 193; *Selw. N. P.* 331-2.

Treating this as an action between the original parties to the note, the court permitted evidence to be given of a want or failure of the consideration, and the plff. finally submitted to a nonsuit.    *Chitty on Bills,* 91.

*Hamilton,* for plaintiff.
*J. A. Bayard,* for defendants.